In THE MATTER OF THE PETITION OF ISAAC AND SIMON BERNHEIMER TO VACATE AN ASSESSMENT, ETC.

*Motion to vacate an assessment — the court may deny the motion on admitted facts, without taking all the proofs offered — when an application has been made and denied a second one cannot be made even though different grounds are alleged.*

Where, upon the return day of a motion, made to vacate an assessment upon lots of the petitioner, it is made to appear to the court that certain undisputed facts exist which are fatal to the petitioner's right to relief, the court has power to dispose of this question first, upon the proofs submitted, and to render judgment accordingly.

Where a previous application to vacate the same assessment, upon the same piece of property, has been made and denied, a second application for the same relief cannot be made. A party cannot escape from the effects of a judgment in a prior proceeding, upon the plea that different grounds are alleged as the foundation for relief in the new proceeding from those set forth in the old one, because a party is bound in one action or proceeding to set forth all the grounds upon which he claims specific relief.

APPEAL from an order made at a Special Term dismissing a petition to vacate an assessment and denying the prayer of the petitioners.

*Shipman & Acker*, for the petitioners, appellants.

*G. L. Sterling*, for the respondent.

VAN BRUNT, P. J.:

Upon the petition herein presented to the court asking an order vacating an assessment upon the petitioners' lots for an outlet sewer in Manhattan street, etc., upon various grounds set out in the petition, a motion for such relief was noticed for February 21, 1884.

Upon an affidavit of one of the assistants to the counsel to the corporation, setting forth the fact of such notice of motion, and that on March 12, 1880, a motion had been made by the same petitioners to vacate the same assessment on the same property as that specified in the foregoing petitions, as well as on other property, and that an order had been entered vacating said assessment, that an appeal had been taken from said order, and such order had been reversed as to the property specified in said petition, and that subsequently a proceeding was instituted before the assessment commission, by the petitioners herein, to vacate this assessment as to the said property; that the question of the validity of the assessment upon the property in question was litigated before said commission and the relief denied; an order to show cause, returnable at the same time as the notice of motion founded upon said petition, why the petition herein should not be dismissed and the prayer of the petitioners denied, was granted. Upon the return of this order to show cause, the motion to dismiss was granted, and from the order thereupon entered this appeal is taken.

The appellants claim that the court had no power to dispose of this proceeding in this summary way, but that the court should have taken all the proofs of the parties and then have rendered judgment. It is to be observed that from the order entered upon this proceeding it does not appear that any objection was taken to the form of the evidence submitted to the court to sustain the claim of the counsel to the corporation, nor is any denial of such evidence made, and we must therefore consider this appeal as, though upon the return day of the petitioners' motion, certain undisputed facts were made to appear to the court, which were fatal to the petitioners' right to relief and, without going farther, the court gave judgment. This, it seems to us, the court had the power to do. It was not necessary that a long series of proof should be taken after it appeared that the petitioners could not possibly succeed because of insuperable legal obstacles.

The court had the power to dispose of this question first, and if it found upon the proofs submitted that the petitioners had no right to relief, to render judgment accordingly. It is, however, further contended that the facts before the court did not show any defense to the petitioner's application. The previous applications were to

vacate this identical assessment upon this identical property which were denied. This present application is for the same relief. It seems to us clear that in proceedings of this kind, application after application cannot be made for the same relief. The questions involved have once been tried upon their merits and decided, and cannot be again brought into dispute. The judgment in the first proceeding is the law of the case and cannot be set aside except by appeal.

Neither can a party escape the effects of a judgment in a prior proceeding upon the plea that different grounds are alleged as the foundation for relief in the new proceeding from those set forth in the old, because a party is bound in one action or proceeding to set forth all the grounds upon which he claims specific relief, otherwise great multiplicity in suits or proceedings would arise, a party bringing as many suits or proceedings to procure certain relief as there existed grounds upon which he thought himself entitled to such relief. Such a procedure has never been tolerated, the rule being that all grounds of relief or defense must be included in one action or proceeding unless it is made to appear that the new grounds were not or could not by reasonable diligence have been ascertained before. (*Guest* v. *City of Brooklyn*, 79 N. Y., 624.)

The order appealed from must be affirmed, with costs.

BARTLETT and MACOMBER, JJ., concurred.

Order affirmed, with costs.